DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jim "Nuddy" Terry appeals his conviction on one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree; and one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree. Terry asserts that the following errors occurred in the proceedings below: *Page 2 
 {¶ 2} "ASSIGNMENT OF ERROR I. The convictions against Terry for aggravated burglary are against the manifest weight of the evidence and constituted a gross miscarriage of justice.
 {¶ 3} "ASSIGNMENT OF ERROR II The state failed to prove an essential element of the aggravated burglary charge; specifically, that Terry trespassed."
 {¶ 4} The following facts, as adduced at appellant's bench trial, are material to the disposition of appellant's assignments of error.
 {¶ 5} Appellant is the father of Jim, Jr., one of Stephanie Phillips' children. Dominique Thompson, a girl who was 13 years old at the time that the alleged offenses occurred in this case, would baby-sit Phillips' children, Jim, Jr., Jada, and Malig. During the early evening hours of January 24, 2006, Dominique, her brother, who is also named Dominique ("boy Dominique"), and her stepbrother, Tyrone, went to Phillips' home. Dominique and Tyrone stayed with the three children while their mother and boy Dominique went to the store. Dominique was standing in the dining room when she saw Terry climb through the kitchen window and jump over the kitchen sink. Dominique was frightened. According to the child, she saw Phillips and boy Dominique returning home and went out to the porch to tell them that appellant was in the house. In her testimony, Phillips said that Dominique came to her when Phillips was in the living room, told her that appellant came in through the kitchen window, and that he was hiding in the basement. *Page 3 
 {¶ 6} Phillips, with Dominique following behind her, confronted Terry and told him to leave. In response, appellant hit Phillips in the face. Phillips then pushed appellant away and advised him that she was going to call the police. Appellant ran. It was Dominique, however, who called 911, but her call was disconnected. Phillips reconnected the telephone and called 911 again. The dispatcher contacted the police, who called Phillips, and subsequently sent officers to her home to investigate the situation.
 {¶ 7} After the police departed, Phillips heard dogs barking, looked out the window, and saw Jeremiah Faulkner's car parked behind her garage. Faulkner was one of appellant's co-defendants[1]. As Phillips turned away from the window, a group of people (approximately four or five) wearing masks kicked in her front door. Phillips identified Terry as a member of the group. In her testimony, she stated that she recognized him because he was wearing only a half mask that covered the bottom portion of his face, had on the same clothing that he was wearing during their encounter earlier that evening, and has a distinct walk, which Phillips described as a "sloop walk."
 {¶ 8} The assailants pushed Phillips down. They started hitting and kicking her. Someone threw Jada against the wall. When the attack was over, Phillips looked up and saw Jeremiah Faulkner and a young woman looking at her. Phillips called 911 and was later taken to the hospital for the treatment of injuries to her eye, mouth, and arm. *Page 4 
 {¶ 9} At appellant's trial, two witnesses testified in his defense. Both Victor Terry, appellant's brother, and Victor's girlfriend, Katrina Guardiola, testified that appellant was at their residence, which is over five miles away from Phillips' residence, all day and all evening on January 24, 2006.
 {¶ 10} Based upon the evidence offered at trial, the judge found appellant guilty. After holding a hearing, the court imposed a sentence of 12 months in prison for the violation of R.C. 2919.25(A) and (D)(3) and three years in prison for the violation of R.C. 2911.11(A)(1), with the sentences to be served concurrently. This timely appeal followed.
 {¶ 11} In Assignment of Error No. I, appellant urges that the trial court's judgment is against the manifest weight of the evidence. Specifically, Terry claims that there were a number of inconsistencies in Phillips' testimony indicating that she may have "orchestrated the version of events." Furthermore, while conceding that there may have been an act of domestic violence when he climbed through the kitchen window and was confronted by Phillips, appellant contends, in essence, that there is a lack of credible evidence to prove that he committed an aggravated burglary.
 {¶ 12} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52. Under this standard, this court sits as a "thirteenth juror" and reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether the trier of *Page 5 
fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175. If we decide that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id.
 {¶ 13} Nevertheless, we will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy,84 Ohio St.3d 180, 193-194, 1998-Ohio-533. Moreover, we must keep in mind that the credibility of the witnesses who testified at trial is chiefly a matter to be determined by the trier of fact. State v. McDermott, 6th Dist. No. L-03-1110, 2005-Ohio-2095, ¶ 25, quoting State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 14} Domestic violence is defined as knowingly causing or attempting to cause physical harm to a family member. R.C. 2919.25(A). The natural mother of a child of whom the offender is the natural father is a "family member" within the meaning of the domestic violence statute. See R.C. 2919.25(F)(1)(b). As applicable to the present case, the elements of aggravated burglary are found in R.C. 2911.11, which reads, in relevant part:
 {¶ 15} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another * * *." *Page 6 
 {¶ 16} In the case under consideration, there was substantial, credible evidence, if believed by the trier of fact, the trial judge, to establish, beyond a reasonable doubt, that Terry committed the offense of aggravated burglary. With regard to the first incident, the court had not only the testimony of Stephanie Phillips, but also the testimony of Dominique before it. Dominique testified that during the first incident appellant entered the Phillips residence by stealth, coming into the home through a kitchen window and then hiding in the basement. Phillips testified that Terry did not have permission to come into her home; thus, he was trespassing. Appellant struck Phillips in the face thereby committing the offense of domestic violence and inflicting physical harm on Phillips.
 {¶ 17} The same analysis pertains to the second incident. Specifically, Phillips testified that appellant was one of the intruders who forced their way into her home by kicking in the front door. She was hit and kicked by these intruders, including appellant; medical records and photographs established the physical injuries Phillips suffered as a result of the attack. Thus, once again, it was demonstrated, beyond a reasonable doubt, that appellant committed the offense of domestic violence and inflicted physical harm on a person within her house. Accordingly appellant's Assignment of Error No. I is found not well-taken.
 {¶ 18} Terry's Assignment of Error No. II asserts that insufficient evidence was offered to prove, beyond a reasonable doubt, that he committed a "trespass" by "force, stealth or deception." Appellant bases this assertion on the fact that Phillips resided on *Page 7 
property owned by appellant's father and did not pay any rent. He further argues that there was a dearth of evidence offered to show that he was not living at that residence.
 {¶ 19} The phrase "sufficiency of the evidence" raises a question of law as to whether the evidence is legally adequate to support a verdict as to all the elements of a crime. State v. Thompkins,78 Ohio St.3d at 386. Under this standard of adequacy, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 20} Terry was not charged with criminal trespass; therefore, we shall consider the word "trespass" as found in R.C. 2911.11 in its commonly known meaning of "a wrongful entry on real property." Merriam-Webster's Collegiate Dictionary (10 Ed.1996) 1259. Here, as discussed above, and viewing the evidence in a light most favorable to the prosecution, appellant wrongfully entered onto the real property occupied, with the permission of appellant's father, by Phillips and her children two times on the night of January 24, 2006. One of those times, he entered by stealth. The other time he entered by force. There is no evidence in the record of this cause to show that appellant was living with Phillips. Indeed, the testimony at trial revealed that appellant was living with his brother Victor at the time. Furthermore, there is nothing in R.C. 2911.11 that requires *Page 8 
the occupier of the property to be the owner of that property. We, therefore, conclude that sufficient evidence was offered at Terry's trial to prove, beyond a reasonable doubt, that he committed the offense of aggravated robbery. Appellant's Assignment of Error No. II is found not well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] At the inception of the co-defendants' trial, Faulkner and a woman, Nicole Shagan, entered no contest pleas to one count of burglary, a felony of the third degree. See R.C. 2911.12. *Page 1